IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-29-1BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| TINA TYREE JOHNSON, | ) |
| | ) |

This matter comes before the Court on a *pro se* letter submitted by defendant in which she requests modification of her sentence. Defendant appears to request either a reduction in her sentence or modification from a custodial sentence in the Bureau of Prisons to a sentence involving house arrest or a halfway house. Defendant does not raise any issues with the soundness of her sentencing hearing; she merely argues that her history, post-sentencing behavior and efforts at rehabilitation entitle her to a sentence reduction. Therefore, the Court does not construe her letter as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Instead, the Court construes defendant's letter merely as a *pro se* motion for sentence reduction.

Though it is clear that defendant desires a reduction in her sentence based on her history and post-sentencing rehabilitation, she cites no legal authority for such a reduction. "[W]hen a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." *Pepper v. United States*, 562 U.S. 476, 490 (2011). Unfortunately, *Pepper* is inapposite here, as defendant's sentence has not been set aside on appeal nor has her case has not been remanded for resentencing. Similarly, 18 U.S.C. § 3742 does not "grant jurisdiction to a district court to review a final sentence." *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993). Moreover, though

defendant's efforts toward rehabilitation are not to be disregarded, they do not provide a basis upon which this Court could lawfully permit defendant's early release. *See e.g.* 18 U.S.C. § 3582(c)(1).

In sum, defendant has articulated no authority that would allow her sentence to be reduced. Accordingly, her letter, construed herein as a motion for sentence reduction [DE 68], is DENIED. Due to the sensitive nature of its contents, the letter [DE 68] shall remain sealed on the docket, except that the Clerk of Court is DIRECTED to provide a copy to counsel for the government.

SO ORDERED, this 18 day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE