IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-29-BO
No. 5:16-CV-329-BO

TINA LURETHA TYREE JOHNSON,      )
      Petitioner,      )
            )
v.      )       O R D E R
            )
UNITED STATES OF AMERICA,      )
      Respondent.      )

This matter is before the Court on petitioner's motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255 [DE 72] and the government's motion to dismiss [DE 76].

For the following reasons, the government's motion to dismiss is granted, and petitioner's § 2255

petition is dismissed.

## BACKGROUND

On July 18, 2013, petitioner pled guilty, pursuant to a written plea agreement, to one

count of false claims and aiding and abetting in violation of 18 U.S.C. §§ 287, 2. [DE 14, 16,

64]. After multiple motions to continue sentencing, petitioner was sentenced on January 28,

2015, to thirty (30) months' imprisonment and three years of supervised release. [DE 63, 64].

Petitioner did not appeal her sentence.

Petitioner filed the instant motion on June 6, 2016. Petitioner seeks relief by arguing that,

pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), she was improperly sentenced as a

career offender. [DE 72].

## DISCUSSION

The government moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). A

Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v.*

*Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

The government moves to dismiss on the grounds that petitioner has not provided any indication that she was sentenced as a career offender. In fact, there is compelling evidence that petitioner was not sentenced as such. [DE 46, p. 17]. Accordingly, petitioner has not stated a claim upon which relief could be granted, and the claim is properly dismissed.

In an effort to construe petitioner's *pro se* complaint liberally, the Court considers whether petitioner could be afforded relief from another objection to her calculated guidelines. The Court finds no such possibility. As a foundational matter, a non-*Johnson* claim to this effect would be untimely, as the instant petition was filed more than one year after petitioner's judgment became final. [DE 64]; 28 U.S.C. § 2255(f)(1). Moreover, the Fourth Circuit Court of Appeals has recognized that a challenge to the application of the sentencing guidelines is not cognizable in a § 2255 proceeding. *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015). Accordingly, plaintiff's motion must fail.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Here, as reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is denied.

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss is GRANTED. [DE 76]. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is hereby DISMISSED. [DE 72]. A certificate of appealability is DENIED.

SO ORDERED, this **30** day of August, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3